MEMO ENDORSED:

Plaintiff is directed to respond to the present motion, Dkt. No. 74, no later than November 18, 2020.

SO ORDERED.

Paul G. Gardephe
United States District Judge
Dated: November 12, 2020

**VIA ECF**

November 11, 2020

Hon. Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY  10007

Re:     *Prokos v. Haute Living, Inc., et al;* Case No. 1:19-cv-00138-PGG

Dear Judge Gardephe:

Defendant Haute Living, Inc. submits this letter to address the impact of the closure of the Copyright Office on the present case. Counsel planned to raise this issue during the status conference scheduled for November 5, 2020, but it was adjourned by email dated November 4, 2020. Instead the parties received a call from Chambers during which information was exchanged and the parties were later advised that the Case Management Order remained in effect.

Plaintiff Andrew Prokos Second Amended Complaint ("Complaint") alleges copyright infringement against Defendant Haute Living, Inc. based on three photographs.  The Complaint fails to allege even the most basic allegations such as the date of registration of each photograph with the United States Copyright Office; the registration numbers; dates of the alleged infringement; or even copies of the Copyright registrations. Instead, Plaintiff carefully avoids alleging any detail which could serve as a potential basis for dismissal.

Plaintiff benefits from the presumption of validity of its alleged copyright registrations, yet Plaintiff is unable to provide copies of the actual deposit records or the correspondence it submitted to the Copyright Office regarding any of the photographs. Plaintiff has no evidence of licensing any of the three photographs. Without this information, Defendant is relying on the records maintained by the United States Copyright Office. However, due to COVID-19, the Copyright Office is closed and the staff that perform this research are working remotely and unable to access the information at this time.

This complete lack of information frustrates any meaningful review of the case for purposes of settlement and severely hinders Defendant's defense on the merits. If the case proceeds in accordance with the present Case Management Order, Defendant will be prejudiced in its preparation of a defense in this case Moreover, if Defendant had this information, it could properly evaluate the merits and likely resolve the case.

The parties have already engaged in motion practice involving jurisdiction and leave to amend. In order to conserve remaining resources, Defendant Haute Living respectfully requests that this Court stay the case for sixty (60) days so that Defendant can obtain the necessary deposit records and correspondence from the United States Copyright Office when it reopens. Defendant also requests that the stay include Defendant's response to Plaintiff's

Second Amended Complaint until the stay is lifted.

Thank you for your Honor's consideration of this matter.

Sincerely,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
201 S. Biscayne Boulevard, 27th Floor
Miami, Florida 33131
Phone: (305) 379-9000
Alan Kluger, Esq.
akluger@klugerkaplan.com
Terri Meyers, Esq.
tmeyers@klugerkaplan.com

By: ___ */s/ Terri Meyers* _____
     **Terri Meyers, Esq.**

*Counsel for Defendant Haute Living, Inc.*

cc: Michael Steger, Esq., counsel for Plaintiff

2